**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| HUGH ADAM KECKRITZ,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN COUNTY CORRECTIONAL FACILITY, SHAWN PHILLIPS, and TN DEPT OF CORRECTIONS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:25-CV-276-KAC-JEM |

**MEMORANDUM AND ORDER**

Plaintiff Hugh Adam Keckritz, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") incarcerated at the Morgan County Correctional Complex ("MCCX"), filed a (1) Complaint under 42 U.S.C. § 1983 [Doc. 1] and (2) motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion and **DISMISSES** the Complaint without prejudice for failure to state a claim.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who brings a civil action may apply for permission to file suit without prepaying the full filing fee. *See* 28 U.S.C. § 1915(a). The Motion shows that Plaintiff lacks sufficient financial resources to pay the filing fee in a lump sum [*See* Doc. 2]. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account **MUST** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly

income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk **MUST** send a copy of this Memorandum and Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

Under the PLRA, the Court must screen the complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant that is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive initial review, the Complaint [Doc. 1] "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim is "facial[ly] plausib[le]" if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Teamsters Local 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524 (6th Cir. 2023) (quoting *Iqbal*, 556 U.S.at 678). But allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pleaded and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. And formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are

also insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. But the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**A. Allegations of the Complaint**

According to the Complaint, Plaintiff has been "in and out of high security" housing at MCCX [Doc. 1 at 4]. Inmates in high security housing do not get cleaning supplies other than "a styrafoam [sic] cup of watered down cleaner and some brown paper towels" [*Id.*]. This practice has occurred "for years, since the new Warden Shawn Phillips arrived" [*Id.*]. The TDOC inspectors have been informed "to no avail" [*Id.*]. Plaintiff told staff members that the high security inmates were not getting proper cleaning supplies, and he filed grievances [*Id.*]. "They let Rockman clean the pod," but do not give high security inmates additional cleaning supplies for their cells [*Id.*]. It is purportedly "unsanitary[,] deme[a]ning[,] and affecting [inamtes'] mental health" [*Id.*]. Plaintiff has been documenting this practice for a month [*Id.*]. But the lack of additional cleaning supplies has been an ongoing issue for "at least a year" [*Id.*].

"The Prison is Biased they give Majority Cleaning Supplies but Not Max" [*Id.*]. Warden Phillips allegedly "wants to make life hard on 'check ins' protective custody or RCA (refused cell assignment) inmates" [*Id.*]. Additionally, inmates have not received haircuts or access to razors "during said time" [*Id.*].

Plaintiff filed the instant action against Defendants MCCX, Warden Shawn Phillips, and TDOC, seeking monetary relief and a court order requiring Defendants to "give cleaning supplies" to affected inmates and "pay back tax[]payer dollars not being used on [inmates'] cleaning supplies" [*Id.* at 5].

### B. Analysis

To state a claim against a Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

#### 1. Plaintiff's Claims Against the State

Under the law, Plaintiff may not maintain suit against a State, its divisions, or its employees in their official capacities because "a state is not a person within the meaning of §1983." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). TDOC is an arm of the State of Tennessee. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"). As is MCCX. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) ("A state prison is not a 'person' subject to suit under § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-71 (1989)). And a suit against Defendant Phillips in his official capacity as Warden of the MCCX, is a suit against the State itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). Therefore, Plaintiff cannot sustain this action against Defendants TDOC, MCCX, or Warden Phillips in his official capacity.

#### 2. Individual Capacity Claims Against Defendant Warden Phillips

To state a claim against Defendant Warden Phillips individually, the Complaint must adequately plead that Defendant Phillips, through his own actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)

(providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Liberally construing the Complaint, it may seek to raise a claim against Defendant Warden Phillips for (1) subjecting Plaintiff to unconstitutional conditions of confinement and (2) violating Plaintiff's equal protection rights by denying him extra cleaning supplies [*See* Doc. 1 at 4].

Start with the conditions of confinement claims. The Court takes judicial notice that at all times relevant to the claims, Plaintiff was a convicted prisoner, not a pretrial detainee.[1] So, "the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *See Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "[A]n inmate must show 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). And the relevant Defendant official "must know of and disregard an excessive risk to inmate health or safety." *Id.* (cleaned up).

Here, at step one, the Complaint fails to allege conditions posing a substantial risk of serious harm. Only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (cleaned up). The Complaint makes clear that the high security housing pod is being cleaned by a provider called "Rockman" [*See* Doc. 1 at 4]. And Plaintiff was given his own cleaning solution to supplement the cleaning performed by that provider [*Id.*]. The bare assertion that the pod is "unsanitary," without supporting facts, is not enough to state a claim for an Eighth Amendment violation. *See Hudson*, 503 U.S. at 9; *see also Fennell v. Bonner*, No. 2:20-cv-2844, 2021 WL 3891590, at *7 (W.D. Tenn. Aug. 31, 2021) (holding that plaintiff's

[1] *See* https://foil.app.tn.gov/foil/search.jsp.

"characterization of [his] housing as 'unsanitary' does not suffice to render those accommodations unconstitutional"). So, this claim fails.

Plaintiff also complains that inmates in high-security housing have not had haircuts or access to razors "during said time"—presumably the month that he has been tracking the provision of additional cleaning supplies [*See* Doc. 1 at 4]. But on these facts, the denial of a haircut and a shave for a short period of time also "falls far short" of a constitutional violation. *See Stevenson v. Lubbock Cnty. Sheriff's Dep't*, 3 F.3d 440 (5th Cir. 1993), 1993 WL 347322, at *1 ("Conditions of confinement that merely cause discomfort or inconvenience are not constitutionally proscribed."); *see also Alexander v. Cnty. of Macomb*, No. 07-14740, 2009 WL 260484, at *6 (E.D. Mich. Feb. 3, 2009) (citation omitted). So, this claim fails too.

Moving to the equal protection claim. The Supreme Court has recognized two types of equal protection claims. The ***first*** generally requires a showing of "intentional[] discrimination" based on a plaintiff's "membership in a protected class." *Henry v. Blank*, 167 F.4th 375, 380 (6th Cir. 2026). The ***second*** requires a showing that Plaintiff was "intentionally treated differently from others similarly situated and" additionally requires a showing that Defendant "had no rational basis for the treatment." *See Johnson v. Morales*, 946 F.3d 911, 939 (6th Cir. 2020).

The Complaint fails to adequately plead a claim under either theory. ***First***, the Complaint does not allege that Plaintiff is a member of any protected class or that he was intentionally discriminated against on that basis. ***Second***, the Complaint fails to allege that those inmates housed in high security are similarly situated to those in the general population in all material respects [*See* Doc. 1]. That would understandably be a hard factual assertion to make. *See, e.g.*, *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (affirming dismissal of prisoner's equal protection claim because administrative segregation inmates are not similarly situated to general population

inmates for equal protection analysis). And to the extent Plaintiff's claim hinges on an allegation that all inmates in high-security housing are denied additional cleaning supplies, he "cannot show an equal protection violation because . . . he is being treated exactly the same way as every other protective segregation prisoner." *See Adkins v. Jones*, No. 206-CV-26, 2007 WL 397044, at *3 (W.D. Mich. Feb. 1, 2007). So, the equal protection claims fail too.

## III. CONCLUSION

For the reasons above:

1. The Court **GRANTED** Plaintiff's Motion for leave to proceed *in forma pauperis* [Doc. 2];

2. The Court **ASSESSED** Plaintiff the $350.00 civil filing fee;

3. The custodian of Plaintiff's inmate trust account **MUST** submit the filing fee to the Clerk in the manner set forth above; and

4. The Court **DISMISSES** the Complaint without prejudice for failure to state a Section 1983 claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. **AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge